UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: SAM'S OIL COUNTRY INSPECTION & SERVICES, INC., | * * * | CASE NO. 10-12330 |
| DEBTOR | * * | SECTION "B" |
| | * * | CHAPTER 7 |
| WILBUR J. "BILL" BABIN, JR., IN HIS CAPACITY AS TRUSTEE OF THE BANKRUPTCY ESTATE OF SAM'S OIL COUNTRY INSPECTION & SERVICES, INC., | * * * * * | |
| PLAINTIFF | * * | |
| VERSUS | * * | |
| MADISON REALTY CAPITAL, LP, | * * | |
| DEFENDANT | * * | |

**COMPLAINT FOR AVOIDANCE OF FRAUDULENT TRANSFER
AND TO DECLARE MORTGAGE NULL AND VOID**

NOW INTO COURT, comes Wilbur J. "Bill" Babin, Jr., in his capacity as Trustee of the

Bankruptcy Estate of Sam's Oil Country Inspection, who alleges and requests relief as follows:

**I. JURISDICTION**

1.

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) and 157(a),

as it both arises under and in Title 11 of the United States Code, and is related to a case under Title

11 of the United States Code, said being the matter entitled "In Re: Sam's Oil Country Inspection

& Services, Inc.," a case under Chapter 7 of the Bankruptcy Code, assigned case no. 10-12330,

United States Bankruptcy Court, Eastern District of Louisiana (the "Bankruptcy Case").

2.

This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(d)(2)(A), (H), (K), and/or (O).

## II. PARTIES

3.

The plaintiff is Wilbur J. "Bill" Babin, Jr., in his capacity as Trustee of the Bankruptcy Estate of Sam's Oil Country Inspection & Services, Inc. (the "Trustee" and/or "Plaintiff").

4.

The defendant is Madison Realty Capital, LP ("Madison Realty"), a partnership organized and existing under the laws of Delaware.

## III. FACTUAL ALLEGATIONS

5.

On June 30, 2010, Sam's Oil Country Inspection & Services, Inc. ("Sam's" or the "Debtor") filed its voluntary petition under Chapter 7 of the United States Bankruptcy Code.  Plaintiff was appointed Chapter 7 Trustee.

6.

On or about June 27, 2011, the Trustee sold certain real estate, which was property of the Sam's bankruptcy estate, located at 1509 North Highway 135, City of Kilgore, Gregg County, Texas (the "Kilgore Real Estate") for the sum of $130,000.00, free and clear of all liens and encumbrances, with any then existing liens and encumbrances attaching to the net proceeds of the sale, in accordance with the order approving the sale entered by the Bankruptcy Court on June 2, 2011 (Doc. 29 of the Bankruptcy Case).  Presently, the Trustee is holding $124,332.38 in net proceeds from this

sale.

7.

Madison Realty purports to hold a valid recorded first mortgage secured by the Kilgore Real

Estate (and now, the funds representing the net proceeds of the sale of this property), securing the

debt of another entity, namely PBLS, and securing guarantor obligations of other third parties,

including Phoenix Associates Land Syndicate, also in bankruptcy in this Court (Case No. 09-11743).

8.

Madison Realty's purported first mortgage is evidenced by an instrument entitled "Deed of

Trust and Security Agreement" (the "Mortgage") dated July 1, 2008, a copy of which is attached

hereto as Exhibit "A."

9.

The Mortgage identifies the obligations it purportedly secures as follows:

Obligations of PBLS, LLC, as Borrower, Phoenix Associates Land Syndicate, as
Corporate Guarantor, and Charles Paul Alonzo, Jr., as Individual Guarantor, pursuant
to and as defined in Forbearance Agreement dated April 25, 2008, between said
parties and Madison Realty Capital, L.P., as Lender, reference to which Forbearance
Agreement is here made for all purposes, including, without limitation, the payment
of Promissory Note dated November 22, 2006, made by Borrower and guaranteed by
Corporate Guarantor and Individual Guarantor and payable to the Order of Lender
in the original principal amount of Six Million, Five Hundred Thousand and No/100
Dollard ($6,500,000.00) together with all accrued unpaid interest thereon.

10.

At no time has the Debtor owed any money or other in personam obligation to Madison

Realty.

11.

3

The Mortgage was purportedly executed on behalf of the Debtor by Paul Alonzo, described on the instrument as the Debtor's "CEO." However, Paul Alonzo was not at the time, nor has he ever been, the CEO of Sam's, nor did he hold a management position in Sam's as of July 1, 2008, according to the records of the Texas Secretary of State. However, Alonzo did hold an indirect interest in the Debtor through his partial stock ownership interest Phoenix Associates Land Syndicate, the controlling stockholder of the Debtor.

12.

The Mortgage instrument was executed by a person without actual or legally cognizable apparent authority, and is null and void and of no effect.

13.

Further, the Debtor received no consideration in return for executing the Mortgage, if valid.

14.

Further, the execution of the Mortgage, if valid, resulted in a transfer made with actual intent to hinder, delay, or defraud the Debtor's past, present, and/or future creditors, inasmuch as, *inter alia*, the transfer would benefit Paul Alonzo, an insider of the Debtor and a guarantor of the third party principal obligation purportedly secured by the Mortgage.

15.

The Debtor was insolvent on the date of the Mortgage, July 1, 2008, and alternatively, was rendered insolvent as a result of the Mortgage.

16.

As of the date of the Mortgage, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which its remaining property was an unreasonably

4

small capital.

17.

As of the date of the Mortgage, the Debtor intended to incur, or believe that it would incur,

debts that would be beyond its ability to pay as they matured.

## FIRST CAUSE OF ACTION

18.

The factual allegations set forth in paragraphs 5 through 17 are re-pled and incorporated

herein by reference as if copied *in extenso.*

19.

The transfer effectuated by the Mortgage was a transfer of an interest of the Debtor in

property within two years before the date of the bankruptcy petition.

20.

This transfer effectuated by the Mortgage was made with the actual intent to hinder, delay,

or defraud the Debtor's past, present, and/or future creditors.

21.

Accordingly, the transfer effectuated by the Mortgage, namely the granting of Madison

Realty's security interest in the Kilgore Real Estate, should be avoided pursuant to 11 U.S.C. §

548(a)(1)(A).

22.

With the avoidance of the transfer, the Trustee is entitled to all applicable relief under 11

U.S.C. §§ 550 and 551, and Madison Realty will no longer have any security interest in the net

proceeds from the sale of the Kilgore Real Estate.

## SECOND CAUSE OF ACTION

23.

The factual allegations set forth in paragraphs 5 through 17 are re-pled and incorporated herein by reference as if copied *in extenso.*

24.

The transfer effectuated by the Mortgage was a transfer of an interest of the Debtor in property within two years before the date of the bankruptcy petition.

25.

The Debtor received less than a reasonably equivalent value in exchange for the transfer and (1) was insolvent on the date the transfer was made or rendered insolvent as a result of the transfer, (2) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining was an unreasonably small capital, and/or (3) intended to incur or believed it would incur, debts that were beyond its ability to pay as such debts matured.

26.

Accordingly, the transfer effectuated by the Mortgage, namely the granting of Madison Realty's security interest in the Kilgore Real Estate, should be avoided pursuant to 11 U.S.C. § 548(a)(1)(B).

27.

With the avoidance of the transfer, the Trustee is entitled to all applicable relief under 11 U.S.C. §§ 550 and 551, and Madison Realty will no longer have any security interest in the net proceeds from the sale of the Kilgore Real Estate.

6

## THIRD CAUSE OF ACTION

28.

Pursuant to 11 U.S.C. § 544(b), the Trustee is empowered to bring state law transfer avoidance claims on behalf of the bankruptcy estate that, outside of bankruptcy, could have been brought by individual creditors. As such, the Trustee is empowered to bring an avoidance action pursuant to the Uniform Fraudulent Transfer Act of Texas, Sections 24.001 et seq. of Title 3, Chapter 24, of the Business and Commerce Code of the State of Texas.

29.

The transfer effectuated by the Mortgage was a transfer made with actual intent to hinder, delay, or defraud the Debtor's present and future creditors, inasmuch, *inter alia*, as the transfer would benefit Paul Alonzo, an insider of the Debtor, and a guarantor of the third party principal obligation purportedly secured by the Mortgage.

30.

The Debtor was insolvent on the date of the Mortgage, July 1, 2008, and alternatively, was rendered insolvent as a result of the Mortgage.

31.

As of the date of the Mortgage, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which its remaining property was an unreasonably small capital.

32.

As of the date of the Mortgage, the Debtor intended to incur, or believe that it would incur, debts that would be beyond its ability to pay as they matured.

33.

Accordingly, the transfer effectuated by the Mortgage should be avoided pursuant to Section 24.005 and other applicable provisions of the Texas Uniform Fraudulent Transfer Act, Title 3, Chapter 24, of the Business and Commerce Code of the State of Texas.

34.

With the avoidance of the transfer, the Trustee is entitled to all applicable relief under 11 U.S.C. §§ 550 and 551, and Madison Realty will no longer have any security interest in the net proceeds from the sale of the Kilgore Real Estate.

## FOURTH CAUSE OF ACTION

35.

The factual allegations set forth in paragraphs 5 through 17 are re-pled and incorporated herein by reference as if copied *in extenso*.

36.

Paul Alonzo did not have actual authority, nor did he have any legally cognizable apparent authority, to execute the Mortgage on behalf of the Debtor.

37.

The Trustee seeks a judgment declaring that the Mortgage is invalid, null, and without effect, and that Madison Realty has no interest in the net proceeds from the sale of the Kilgore Real Estate, now being held by the Trustee.

**WHEREFORE**, Plainiff Wilbur J. "Bill" Babin, Jr., in his capacity as Trustee of the Bankruptcy Estate of Sam's Oil Country Inspection & Services, Inc., prays for judgment against Madison Realty Capital, LP, avoiding the transfer effectuated by that one Deed of Trust and Security

8

Agreement attached hereto as Exhibit "A", pursuant to 11 U.S.C. § 548(a)(1)(A), 11 U.S.C. § 548(a)(1)(B), and/or 11 U.S.C. § 544(b) and the Uniform Fraudulent Transfer Act of Texas, Sections 24.001 et seq. of Title 3, Chapter 24, of the Business and Commerce Code of the State of Texas, and for applicable relief pursuant to 11 U.S.C. §§ 550 and 551.

Plaintiff further prays that the Court declare that the Deed of Trust and Security Agreement attached hereto as Exhibit "A" is invalid, null, and without effect.

Finally, the Plaintiff prays that the Court declare that the net proceeds from the sale of the property located 1509 North Highway 135, City of Kilgore, Gregg County, Texas, and more particularly described in Exhibit "A", are free and clear of any purported mortgage, lien, or encumbrance in favor of Defendant Madison Realty Capital, LP.

Respectfully submitted,

*s/Mark S. Goldstein*
MARK S. GOLDSTEIN (6098)
ALICIA M. BENDANA (21472)
Of counsel, LOWE, STEIN, HOFFMAN,
  ALLWEISS & HAUVER, L.L.P.
One Shell Square, Suite 3600
701 Poydras Street
New Orleans, Louisiana 70139
Telephone: (504) 581-2450

**PLEASE ISSUE SUMMONS TO:**

Madison Realty Capital, LP
Through its Registered Agent:
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
New Castle, Delaware 19801

Madison Realty Capital, LP
Through its Attorney:
Christopher T. Caplinger
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130